# WILLIAM D. GRISWOLD, RECEIVER,

## v.

# THE CITY OF EAST ST. LOUIS AND GEORGE W. DAUSCH, TREASURER.

*Municipal Corporations—Illegal Indebtedness—Gas Companies.*

1. A constitutional provision designed for the protection of tax payers, forbidding the incurring of any indebtedness by a city, directly or indirectly, in any manner, or for any purpose, beyond a certain limit, should not be disregarded or evaded, and a court of equity ought not, by its decree, assign and appropriate any portion of city taxes collected to the payment of the forbidden indebtedness.

2. It will be presumed that a gas company knew of such constitutional provision when they furnished a given municipality light, and that if the limit had been exceeded by creating the indebtedness for such services, the indebtedness would be illegal and uncollectible, and if it chose with such notice and knowledge to furnish lights to the city, it did so at its own risk, and would not be entitled in law or equity to recover any part of such debt.

3. If in such case, warrants—not certificates—payable from a specific appropriation of a tax levied, but not collected, were accepted by such company in exchange for light furnished, or to be furnished, it would amount to an exchange of one thing for another, creating no debt against the city, but in full payment for such service.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. WILLIAM C. KUEFFNER, for appellant.

Mr. F. G. COCKRELL, for appellees.

MR. JUSTICE GREEN. This was a proceeding in chancery, commenced in January, 1881, and finally heard at the September term, 1892, of said Circuit Court. The court found the equities to be with the defendants and decreed that complainant's bill be dismissed. William D. Griswold took

this appeal. By a second supplemental bill, filed July 8, 1889, Griswold sets up and alleges, that by the decree of the Circuit Court of St. Clair County, rendered at the September term, 1886, he acquired the ownership of some certificates mentioned in the original bill and that the same are his individual property. The prayer of the second supplemental bill is, that an account be taken of the amount due complainant, Griswold, on account of said instruments, as well as of the sums in the hands of said treasurer, applicable to the payment of the same, and that said city and Dausch may be ordered to pay to said complainant the amount that may be so found due him, out of any money or funds in their possession applicable or specially appropriated for that purpose. It is claimed on behalf of appellant, Griswold, that he was entitled to recover the sums of money mentioned in said certificate, and the court erred in refusing the relief prayed for in said second supplemental bill. These identical seven certificates were sued upon in an action of assumpsit, brought in the Circuit Court of St. Clair County, by the East St. Louis Gas Light and Coke Company for the use of William P. Griswold, against the city of East St. Louis, which cause was tried in said court.

The jury returned a verdict for the defendant and judgment on the verdict was entered, from which judgment plaintiff appealed to this court. At the August term, 1892, that judgment was affirmed, and this court held said seven certificates evidenced indebtedness created by the city in violation of the constitution, and that a suit to recover the amount thereof could not be maintained. But it is said on behalf of appellant, if the seven certificates are illegal and void, yet they constitute an equitable assignment of the pro rata part of the appropriation and tax levy for the year 1876, and the officer receiving the tax is personally liable for the amount to the holder of the certificates. The tax levy mentioned was $96,832.12, of which amount $10,666 was appropriated for public lamps. This levy and appropriation were provided for in an ordinance approved August 8, 1876. Of the whole amount of the levy $69,000 was col-

lected during the following years up to 1880, and on December 9th, in that year, defendant Dausch, as city treasurer, received from the county collector $7,097.75 city tax paid by Wiggins Ferry Co. for the year 1876. Shortly after this money was received by Dausch, the attorney for Griswold presented these certificates to said city treasurer and demanded payment, which was refused. Dausch then had the money, and has never accounted for it to the city. If the contention on behalf of appellant is to be sustained, we must hold that a city can, in violation of the constitutional inhibition, create an illegal debt, issue certificates evidencing the same, and a court of equity must, by its decree, compel the payment of such illegal debt by the city treasurer, to the holders of said certificates, out of the city taxes received. We can not hold such to be the law, and allow that to be done indirectly, in the guise of an equitable assignment, which could not be done directly.

It is immaterial whether or not the sum collected belongs to the city, or that Dausch retains it and has not accounted for it to the city. · It is sufficient to say that no part of it ought to be used for the payment of an illegal debt. A constitutional provision designed for the protection of tax payers, and forbidding the incurring of any indebtedness by a city, directly or indirectly, in any manner, for any purpose, beyond a certain limit, ought not to be disregarded or evaded, and a court of equity ought not by its decree assign and appropriate any portion of city taxes collected, to the payment of the forbidden indebtedness. The East St. Louis Gas Light and Coke Company must be presumed to have known of this constitutional provision when they furnished the light, and that if the limit had been exceeded by creating the indebtedness for such services, the indebtedness would be illegal and uncollectible, and if it chose with such notice and knowledge to furnish lights to the city, it did so at its own risk, and would not be entitled in law or equity to recover any part of such debt. Griswold occupies the same position. A different question would be presented if these certificates were warrants payable

from a specific appropriation of a tax levied, but not yet collected, which were accepted by the gas company in exchange for light furnished or to be furnished. This would be an exchange of one thing for another, creating no debt against the city but in full payment for such service. After a careful examination of the evidence in the record we have reached the conclusion that the decree of the Circuit Court is right and should be affirmed. This conclusion is, as we think, fortified by many decisions of our Supreme Court.

In the opinion in City of Springfield v. Edwards, 84 Ill. 626, commenting upon the constitutional provision, Sec. 12 of Art. 9, and determining what kinds of indebtedness are within its terms, the court say, first, the tax appropriated must be actually levied; second, by the legal effect of the contract between the corporation and the individual, made at the time of the appropriation, the appropriation and issuing and accepting a warrant or order on the treasury for expenses, must operate to prevent any liability to accrue on the contract against the corporation. If the making of the appropriation and issuing and accepting a warrant for its payment does not have the effect of relieving the corporation of all liability, or in other words, if it incurs any liability thereby, it must incur, either absolutely or contingently, a debt. In Law v. The People, 57 Ill. 385, the Edwards case was considered, and the manner in which revenue already levied and to be collected might be anticipated without the city becoming indebted, or violating the constitutional or statutory prohibition, was pointed out. It was there held the tax upon which the warrant is drawn, must at the time be actually levied, and the delivery of the warrant on the treasury must have the legal effect, and operate as a contract between the corporation and the person receiving the warrant, that the city shall thereby incur no liability whatever. In such a case there is no debt incurred, because the warrant on the treasury is received for the work done, or the articles furnished. We followed these rulings of the Supreme Court in City of East St. Louis v.

Flannigan, 26 Ill. App. 459–60, and in same case reported in 36 Ill. App. 51.

In Prince v. City of Quincy, 128 Ill. 843, a case where it was shown the water furnished to the city by Prince, by virtue of a city ordinance fixing the price and terms for the water so supplied, and it was also shown that Prince had complied on his part with the terms of the contract, and the city had the means on hand to pay him the unpaid balance due him for such service, his right to recover was denied, and the Supreme Court held the effect of the constitutional inhibition is, to require cities indebted to the limit thereby fixed, to carry on their corporate operations while so indebted, upon the cash system, and not upon credit to any extent, or for any purpose, and that if any indebtedness of a city for current expenses, such as supplying water, is forbidden, as being in excess of the constitutional limit, the contract upon which it arose, though in itself executory, and creating only a contingent liability, is also forbidden. Prohibition of the end, is prohibition of the direct, designed and appropriated means by which the end can be accomplished. The decree of the Circuit Court is affirmed.

*Decree affirmed.*